THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BETTY M. HAMMERS,                        )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )
                                         )   No. 11-3446-CV-S-FJG-SSA
MICHAEL J. ASTRUE,                       )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
            Defendant.                   )

**ORDER**

        This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 <u>et</u>
<u>seq</u>., and Title XVI of the Act, 42 U.S.C. §§ 1381 <u>et</u> <u>seq.</u>, in which plaintiff requested
review of the Commissioner's decision denying her application for disability benefits.
Plaintiff's claims were denied initially.   On April 28, 2011, an administrative law judge
(ALJ) rendered a decision finding plaintiff was not under a "disability," as defined in the
Act.   On September 17, 2011, the Appeals Council of the Social Security Administration
denied plaintiff's request for review.   Thus, the ALJ's decision stands as the final
decision of the Commissioner.   Plaintiff's appeal is before the Court on plaintiff's motion
for judgment.   The facts and arguments are presented in the parties' briefs and will not
be repeated here.

        Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial
review of a "final decision" of the Commissioner of the Social Security Administration
under Title II.   Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for
judicial review to the same extent as the Commissioner's final determination under

section 205. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. <u>Siemers v. Shalala</u>, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. <u>Fountain v. Railroad Retirement Bd.</u>, 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. <u>Craig v. Chater</u>, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing <u>McClees v. Shalala</u>, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

Substantial evidence is more than a mere scintilla but less than preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. <u>Johnson v. Chater</u>, 108 F.3d 178, 179 (8th Cir. 1997), <u>citations</u> <u>omitted.</u> The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. <u>Clarke v. Bowen</u>, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." <u>Id.</u> Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." <u>Roe v. Chater</u>, 92 F.3d 672, 672 (8th Cir. 1996) (quoting <u>Robinson v. Sullivan</u>, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a

medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs and the record. As a result of that review, the Court agrees with the arguments in the Commissioner's brief and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, it is **ORDERED** that plaintiff's claim, as stated in his brief (Doc. No. 11) is **DENIED**. The decision of the ALJ is **AFFIRMED.**

**/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: January 31, 2013
Kansas City, Missouri

3